UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK HUNTER and CHANEL
HANNER,

    Plaintiffs,

v.                                      CASE NO: 8:11-cv-643-T-23TGW

KENADAY MEDICAL CLINIC, INC.,
FAZE 2 PRODUCTIONS &
ENTERTAINMENT, LLC, and KENNETH
SHOBOLA,

    Defendants.
_____/

**ORDER**

The plaintiffs file an amended complaint (Doc. 12) and claim unpaid overtime, unpaid wages, and a violation of the minimum wage requirement under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA"). The defendants answer and counterclaim (Doc. 15) for fraudulent inducement and declaratory relief "that Hunter and Hanner were independent contractors and are otherwise exempt from the FLSA". The plaintiffs move to dismiss (Doc. 18) the counterclaim and to strike (Doc. 19) certain affirmative defenses and the defendants' request for attorney's fees.

Discussion

*1. A "set-off"?*

In moving to dismiss the fraudulent inducement claim, the plaintiffs (1) argue that the counterclaim is "distinct from the [plaintiffs'] claim[] under the FLSA" and, therefore, not amenable to supplemental jurisdiction and (2) rely on Brennan v. Heard, 491 F.2d 1

(5th Cir. 1974), and assert that "the Eleventh Circuit subscribes to the theory that counterclaims similar to those raised by [the defendants] should be kept separate from the FLSA." In response, the defendants argue that the counterclaim is compulsory[1] and subject to preclusion if not raised.

In Brennan, the employer failed to pay a minimum wage and overtime as required by the FLSA. In response to the employee's FLSA claim, the employer sought a "set-off" against the amount of back pay owed to the employee. The "set-off" consisted of the value of goods, including gas and supplies, that the employer had provided to the employee. When the district court permitted the "set-off," the net proceeds to the employee were less than the minimum wage owed under the FLSA. Brennan concludes that "[s]et-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the [FLSA][]and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions . . . ."

In this instance, the counterclaim for fraud derives from an alleged employment agreement (specifying the plaintiffs' wage and benefits) between the plaintiffs and the defendants. The counterclaim is logically connected to, and based on, the same operative facts as the plaintiffs' FLSA claim. Thus, the counterclaim appears

---

[1] As explained in Hill v. Lazarou Enter., Inc., 2011 WL 860526, *15 (S.D. Fla. 2011) (O'Sullivan, Mag. J.):

> 'Compulsory counterclaims are those that 'arise[ ] out of the transaction or occurrence that is the subject matter of the opposing party's claim.' 'A claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims.' 'Under [the logical relationship] test, there is a logical relationship when 'the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.'

(citations omitted).

compulsory and subject to preclusion if not raised.  Furthermore, Brennan appears wholly inapplicable.  In Brennan, the employer sought to reduce the wage owed to the employee by claiming credit for material and supplies provided to the employee.  If, in this instance, the defendants sought to reduce the wage allegedly owed to the plaintiffs by claiming, e.g., a credit for the vehicle and cellular telephone provided to the plaintiffs, Brennan would likely prohibit the claim as an impermissible "set-off".  However, in this instance, the defendants assert a compulsory counterclaim for fraud in inducing an alleged contract governing the employment that supports the FLSA claim.  Although the counterclaim, if successful, may effectively reduce the plaintiffs' final damages award, the counterclaim is not a prohibited "set-off" as contemplated in Brennan.

### *2. Declaratory Judgment*

In moving to dismiss the declaratory judgment claim, the plaintiffs argue that a declaratory judgment of the plaintiffs' "employee" status under the FLSA is not "a separate cause of action".  In response, the defendants argue (1) that, under 28 U.S.C. § 2201, the court "has jurisdiction to declare the rights of parties seeking a legal declaration of [] rights . . . ." and (2) that "[t]he main purpose in filing a declaratory judgment counterclaim is to avoid the situation [in which] the [p]laintiffs move for a voluntary dismissal without prejudice under Rule 41 . . . and thereby avoid an adjudication of this matter."

In this instance, the plaintiffs fail to demonstrate a basis for dismissing the declaratory judgment claim.

*3. Motion to Strike*

Additionally, the plaintiffs move (Doc. 19) to strike both the affirmative defense of "waiver" (in paragraph forty-two of the answer) and the defendants' request for attorney's fees. The defendants oppose striking of the "waiver" defense but consent to striking the request for attorney's fees. Because "'FLSA rights cannot be abridged by contract or otherwise waived . . .,'" paragraph forty-two merits striking. <u>Dees v. Hydradry</u>, 706 F. Supp. 2d 1227, 1235 (M.D. Fla. 2010) (quoting <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F. 2d 1350, 1352 (11th Cir. 1982)).

<u>Conclusion</u>

Accordingly, the plaintiffs' motion (Doc. 18) to dismiss the defendants' counterclaim is **DENIED**. The motion (Doc. 19) to strike is **GRANTED**, and both paragraph forty-two and the request for attorney's fees (Doc. 15) are **STRICKEN**.

ORDERED in Tampa, Florida, on June 30, 2011.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE